UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 15 2013 ★

BROOKLYN OFFICE

-------------------------------------------------------------X

JOHN N. PRICE,

**MEMORANDUM & ORDER**

Plaintiff,

**09-CV-4183 (NGG) (LB)**

-against-

THE CITY OF NEW YORK, and THE NEW YORK
CITY DEPARTMENT OF CORRECTION,

Defendants.

-------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is a motion by pro se Plaintiff John N. Price seeking reconsideration (Pl.

Mot. (Dkt. 95)), under Local Civil Rule 6.3 and Federal Rule of Civil Procedure 54(b), of the

court's Order granting summary judgment to Defendants (Mar. 21, 2013, Mem. & Order (Dkt.

93) (the "Order")). For the reasons set forth below, Plaintiff's motion is DENIED.

I.     **BACKGROUND**

Plaintiff John N. Price brought this action against Defendants, the New York City

Department of Correction (his employer) and the City of New York, alleging that Defendants

discriminated against him in violation of the Americans with Disability Act, 42 U.S.C. § 12101

et seq. ("ADA"), by failing to reasonably accommodate his disability. (3d Am. Compl. (Dkt.

24).) Defendants were given permission to file a motion to dismiss Plaintiff's claims (May 3,

2010, Order (Dkt. 25)), which they submitted on July 6, 2010 (Dkt. 29). The motion to dismiss

was referred to Magistrate Judge Lois Bloom for a report and recommendation ("R&R") (Nov. 9,

2010, Order), which Judge Bloom issued on March 9, 2011 (R&R (Dkt. 40)). The court adopted

Judge Bloom's R&R and: (1) denied Defendants' motion to dismiss as to Plaintiff's claim for

1

failure to provide reasonable accommodation; but (2) granted Defendants' motion to dismiss as to the remaining claims. (June 22, 2011, Mem. & Order (Dkt. 43).) Following additional discovery, on August 10, 2012, Defendants moved for summary judgment on the remaining claim for failure to provide reasonable accommodation. (Def. Summ. J. Mem. (Dkt. 86).) The court granted Defendants' motion for summary judgment, dismissing the action with prejudice. (Mar. 21, 2013, Mem. & Order.) Plaintiff now moves for reconsideration of this decision. (Pl. Mot.) Defendants oppose. (Def. Opp'n (Dkt. 96).)

## II.    STANDARD OF REVIEW

In considering this motion, the court notes that because Plaintiff is proceeding pro se, the court is "obliged to construe [his] pleadings and papers liberally." LA Bounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991). Indeed, a pro se litigant's submissions are to be interpreted "to raise the strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Under Local Civil Rule 6.3, the standard for a motion for reconsideration is "strict." Schrader v. CSX Transp, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions may be granted only under the following circumstances: (1) if the court overlooks critical facts; (2) if it overlooks controlling decisions that could have changed its decision; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice. See Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d. Cir. 1992); see also Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority.").

Courts narrowly construe and strictly apply this rule in order to avoid "repetitive

2

arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F. Supp. 747, 748 (S.D.N.Y. 1985). "A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion ... [n]or ... a chance for a party to take a 'second bite at the apple.'" WestLB AG v. BAC Fla. Bank, No. 11-CV-5398 (LTS), 2012 WL 4747146, at *1 (S.D.N.Y. Oct. 4, 2012) (citations omitted).

## III.   DISCUSSION

Having reviewed Plaintiff's motion and Defendants' responsive submission, the court finds that the demanding standard for reconsideration has not been met. Plaintiff makes two arguments, both of which largely rehash claims previously made in Plaintiff's oppositions to Defendants' motion to dismiss and motion for summary judgment. The court fully considered, analyzed, and rejected these arguments in its opinions ruling on those motions.

First, Plaintiff's motion for reconsideration includes arguments, as did his opposition to summary judgment, regarding purported discovery issues. (Pl. Mot. at 1-2; see Pl. Summ. J. Opp'n (Dkt. 90) ¶¶ 3-7.) As the court noted in its Order (Mar. 21, 2013, Mem. & Order at 7 n.2), Plaintiff's discovery-related allegations have been raised previously (Dkts. 77, 81, 82) and addressed and rejected by the court (May 23, 2012, Order (Dkt. 80); May 30, 2012, Order (Dkt. 83)).

Second, Plaintiff once again advances the argument that he is disabled and accordingly entitled to reasonable accommodation. (Pl. Mot. at 1-3.) In addition to restating his assertions that he is subject to pain in his leg, Plaintiff states that "[t]he fact is a disability has to be proven to be non-existen[t]" and that Defendants have "not show[n] documented proof to disclaim the

3

physical limitation" claimed by Plaintiff. (Id. at 1.) The court is not unsympathetic toward Mr. Price's pain. Nevertheless, his arguments are mistaken: in a discrimination case such as this one, it is a plaintiff who must establish that he or she is, among other elements of a prima facie case, disabled within the meaning of the ADA. See Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006). As discussed at length in the court's Order, Plaintiff did not and could not establish that his impairment "substantially limits" a "major life activity" as defined by the ADA and relevant case law. (Mar. 21, 2013, Mem. & Order at 10-13.) The court undertook a detailed analysis of these issues in its Order, and Plaintiff's motion for reconsideration fails to identify new or additional controlling decisions; indeed, it cites no case law at all. It similarly fails to identify any data that affects the court's analysis, nor has it identified any clear error or manifest injustice in the court's reasoning.

Plaintiff here simply is trying to use a motion for reconsideration as an opportunity to revive his losing arguments. His motion attempts to relitigate the precise issues that the court addressed and decided in its Order, without referring the court to any overlooked or misapprehended facts or law, any new evidence, or anything else that the court might have overlooked. This attempt must fail. See WestLB AG, 2012 WL 4747146, at *1 ("A motion for reconsideration is not intended as . . . a chance for a party to take a 'second bite at the apple.'").

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

s/Nicholas Garaufis

Dated: Brooklyn, New York
April 13, 2013

NICHOLAS G. GARAUFIS
United States District Judge

4